**No. 25-12618**

---

**IN THE**

# United States Court of Appeals

FOR THE ELEVENTH CIRCUIT

---

TALENTSCALE, INC.

*Plaintiff-Appellant,*

v.

AERY AVIATION, LLC, et al.

*Defendants-Appellees.*

---

On Appeal from the United States District Court
For the Northern District of Florida

---

**APPELLANT'S MEMORANDUM IN RESPONSE TO JURISDICTIONAL QUESTION**

---

Eric J. Pons
CHASE LAW & ASSOCIATES, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 479-7380
epons@chaselaw.com

*Counsel for Appellant Talentscale, Inc.*

**CERTIFICATE OF INTERESTED PERSONS**
**AND CORPORATE DISCLOSURE STATEMENT**

Appellant Talentscale, Inc. submits this list, which includes all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this matter, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1. Aery Aviation, LLC, Appellee
2. Beale, Scott
3. Chase, Kenneth, trial counsel for Talentscale, Inc.
4. Chase Law & Associates, P.A.
5. Clements, Neal
6. Cleveland Clinic Foundation, Garnishee
7. Cogent Bancorp, Inc.
8. Cogent Bank, Garnishee
9. Davis, Burch & Abrams
10. Davis Law, PLC
11. Dynan, Robert
12. Frank, Michael J., U.S. Magistrate Judge
13. Greenberg Traurig, P.A.
14. Hernandez, Nathan M., appellate counsel for Aery Aviation, LLC

15. Keller, Courtney M., trial and appellate counsel for Cogent Bank, Garnishee
16. Mead, George R., II, trial counsel for Prudent Capital III, LP
17. Mello, Kimberly S., appellate counsel for Cogent Bank, Garnishee
18. McDaniel, Erin, trial counsel for Aery Aviation, LLC
19. Moore Hill & Westmoreland, P.A.
20. Poldrugo, Doug
21. Pons, Eric J., appellate counsel for Talentscale, Inc.
22. Prudent Capital III, LP
23. Quam, Darrin J., trial counsel for Cleveland Clinic Foundation, Garnishee
24. Rodriguez, Rachel Lynn Tripp, trial counsel for Aery Aviation, LLC
25. Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
26. Talentscale, Inc., Appellant
27. Ulmer, William
28. Vires Law Group, PLLC
29. Walton, Joshua
30. Walton, Leslie Steve
31. Wetherell, T. Kent, II, U.S. District Judge
32. Young, Savannah, trial counsel for Cogent Bank

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant Talentscale, Inc. makes the following statement as to corporate ownership:

Talentscale, Inc. is a privately held Nevada corporation. No publicly held corporation owns ten percent or more of Talentscale, Inc.

*/s/ Eric J. Pons*
Eric J. Pons

## STATEMENT OF THE ISSUE

Whether this appeal is taken from a final or otherwise appealable order under 28 U.S.C. § 1291.

## ANSWER

**Yes.** The district court's orders dissolving the writ of garnishment and denying post-judgment relief are final decisions that conclusively terminated an independent garnishment proceeding, leaving nothing further to adjudicate.

## SUMMARY OF ARGUMENT

This Court has jurisdiction under 28 U.S.C. § 1291 because the challenged orders ended a distinct post-judgment garnishment action on the merits. Under the Erie doctrine and Federal Rule of Civil Procedure 69, Florida law governs post-judgment garnishment proceedings, and Florida treats orders dissolving writs of garnishment as final judgments in independent actions. Per Eleventh Circuit authority, garnishment actions are "independent suits" and orders conclusively

resolving such proceedings are immediately appealable. The cases cited in this Court's jurisdictional question—*Mayer*, *Stansell*, and *Schair*—are distinguishable as those matters involved ongoing proceedings with unresolved claims, unlike the completed garnishment action here. Appellant respectfully contends that the Court has jurisdiction over this appeal.

## FACTUAL BACKGROUND

Appellant Talentscale, Inc. ("Talentscale") holds a $1,142,467.20 federal judgment against Aery Aviation, LLC ("Aery"). On March 31, 2025, Talentscale served a writ of garnishment on the Cleveland Clinic Foundation ("Cleveland Clinic"). In its untimely initial and amended answers, Cleveland Clinic admitted indebtedness to Aery totaling $921,471.42. Notably, neither answer mentioned Cogent Bank ("Cogent") or suggested that the funds were owed to anyone other than Aery.

On May 14, 2025, Cogent filed a motion to dissolve the writ, asserting a purported security interest in Aery's accounts receivable. Cogent's motion was supported by affidavits that Appellant contends are legally insufficient under Fla. Stat. § 77.16(1), as they failed to establish, or even assert, that the garnished funds were Cogent's "property" or that Aery had assigned them to Cogent. In fact, Cogent could not truthfully make such claims, as the funds were owed to Aery, not Cogent, and no assignment had occurred. Cogent also had not declared a default under its

loan agreement with Aery at that time or at any other time. Aery filed a similar motion to dissolve on May 14, 2025.

Talentscale opposed both motions and sought discovery from Cogent via subpoena regarding a range of subject matter. Cogent delayed providing this discovery, prompting Talentscale to file a motion to compel along with a motion to extend the response deadline to the motions to dissolve pending receipt of the missing discovery from Cogent. That motion to extend was the only matter noticed for a telephonic conference on May 22, 2025—noticed just one day prior.

No hearing on the merits of the motions to dissolve was ever noticed, or held, no witnesses were called, no evidence was introduced, and no jury trial was held as required by Fla. Stat. §§ 77.07(1), 77.16(1). At the May 23, 2025 telephonic conference—noticed solely for the motion to extend—Cogent's counsel and Aery's counsel made unsworn representations on the record. These representations were materially inaccurate, including assertions that Aery had not paid Cogent in months, when in fact Aery had paid Cogent nearly $6 million during this time as later shown in the records Cogent had concealed. Because no hearing on the merits was noticed, no witnesses were called, and no evidence was admitted, there was no opportunity for cross-examination, rebuttal, or submission of opposing evidence or testimony. The district court, without prior notice, sua sponte, proceeded to adjudicate the merits of the motions to dissolve impromptu during this telephonic call.

The next day, on May 23, 2025, the district court issued an order granting the motions to dissolve the writ. The sole factual finding in the order was that "the money identified in the answer and amended answer to the writ is subject to Cogent Bank's prior secured interest." The order contained no finding that the garnished funds were Cogent's property, that an assignment occurred, or that a default had been declared. In fact, the garnished funds belonged to Aery, no assignment had been executed, and Cogent had not declared a default. In the same order, the trial court deferred ruling on the motion to compel after opining at the hearing that additional discovery should be provided.

On May 28, 2025, five days after the writ was dissolved, Cogent finally provided the discovery. This late-served discovery directly conflicted with the unsworn representations made at the May 23, 2025 telephonic conference, confirming that nearly $6 million was paid by Aery to Cogent in the preceding two months, not $0 as inaccurately represented to the trial court by Cogent's counsel. Moreover, the discovery further confirmed that no assignment occurred, no default was declared, and the funds were owed to Aery, not Cogent.

On June 11, 2025, Talentscale filed a motion for relief from the May 23, 2025 order under Fed. R. Civ. P. 59(e) and 60(b), citing the lack of due process, the absence of a noticed hearing or trial, newly discovered evidence, and inaccurate unsworn information provided to the trial court. The district court denied this motion

on July 1, 2025, and it held in that order, for the first time, that "the garnished funds were assigned to Cogent Bank" despite no evidence of an assignment. The trial court further held that it "is confident that the parties and their counsel can figure out a way for Defendant to start (and, hopefully, finish) paying Plaintiff's judgment sooner rather than later." No payments have been made. On July 31, 2025, Talentscale timely noticed this appeal.

## ARGUMENT

### I. THE ORDERS ARE FINAL DECISIONS UNDER 28 U.S.C. § 1291.

A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). In post-judgment proceedings, an order is final "if it disposes of all the issues raised in the motion that initially sparked the post-judgment proceedings."

#### A. Garnishment Proceedings Are Independent Actions Under Federal and Florida Law.

Federal courts apply state law to judgment execution under Erie doctrine and Rule 69. *Balfour Beatty Bahamas, Ltd. v. Bush*, 170 F.3d 1048, 1050 (11th Cir. 1999). This Court has recognized that "garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action." *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1139 (11th Cir. 2013).

Florida law is equally clear: an order dissolving a garnishment writ is "tantamount to a final judgment" and "obviously... a final decision appealable as a final judgment." *Matthews v. First Fed. Sav. & Loan of Englewood*, 571 So. 2d 2, 3 (Fla. 2d DCA 1990); *see also Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) ("[F]ederal courts are bound by the rulings of the state's highest court. If the state's highest court has not ruled on the issue, a federal court must look to the intermediate state appellate courts."). Federal courts in Florida follow this rule. *Krygger v. F1 Investments Inc.*, No. 11-62064-CIV, 2013 WL 4431347, at *2 (S.D. Fla. May 16, 2013).

**B. The May 23, 2025 Order Conclusively Terminated the Garnishment Action.**

The dissolution order here meets every test for finality:

- **Complete resolution**: It dissolved the writ, discharged Cleveland Clinic as garnishee, and released all garnished funds.
- **No pending issues**: Unlike cases with ongoing fee disputes or unresolved claims, nothing remained for adjudication.
- **Merits determination**: The court ruled that Cogent's claimed security interest trumped Talentscale's garnishment rights.
- **Immediate effect**: The garnished funds were released, ending Talentscale's collection efforts through this mechanism.

As this Court held in *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1401 (11th Cir. 2000) when a garnishment order conclusively determines the

parties' rights to garnished funds, "nothing remained to be resolved" and the order is immediately appealable.

### C. Policy Considerations Support Immediate Appealability.

Denying appellate jurisdiction would "nullify the right to appeal altogether." Garnishment dissolution orders determine whether judgment creditors can collect their awards. If such orders were not immediately appealable, creditors would have no meaningful review before garnished assets are released and potentially dissipated. Creditors would be required to first satisfy their judgments in full without access to garnishable assets before obtaining review.

## II. THE CASES CITED IN THE NOTICE ARE DISTINGUISHABLE.

### A. *Mayer* Involved Unresolved Fee Motions.

In *Mayer v. Wall St. Equity Grp.*, 672 F.3d 1222 (11th Cir. 2012), this Court dismissed an appeal because the plaintiff's fee motion "remained pending." The motion that "sparked" the post-judgment proceeding, the fee motion, was unresolved. Here, by contrast, the garnishment proceeding initiated by Talentscale's writ application was completely resolved by the dissolution order.

### B. *Stansell* Anticipated Further Proceedings.

*Stansell v. Revolutionary Armed Forces of Colom.,* 771 F.3d 713 (11th Cir. 2014), involved ongoing asset sales and priority disputes under the Terrorism Risk Insurance Act. The Court noted garnishment orders are "typically" not appealable

until property disposition, but recognized jurisdiction exists when an order "function[s] as a final, appealable order" by ending the proceeding entirely. That exception applies here—the dissolution order left no property restrained and no issues unresolved.

**C. *Schair* Involved Interlocutory Stay Relief.**

In *Plaintiff A v. Schair*, 744 F.3d 1247 (11th Cir. 2014), this Court dismissed an appeal from an order lifting a stay in ongoing litigation—a classic interlocutory ruling. Unlike *Schair*'s continuing case, the garnishment action here was completely terminated.

## CONCLUSION

The May 23, 2025 order dissolving the writ of garnishment was a final decision that conclusively terminated an independent post-judgment proceeding. Under 28 U.S.C. § 1291, federal jurisdiction principles, and Florida law, this Court has jurisdiction to review that final order and the related order denying post-judgment relief.

The garnishment action is complete. No further proceedings are anticipated or required. Talentscale's only recourse is this appeal, and Talentscale respectfully requests that the Court allow this appeal to proceed on the merits.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: <u>*/s/ Eric J. Pons*</u>
Eric J. Pons
Florida Bar No. 1018390
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 479-7380
Email: epons@chaselaw.com

*Attorneys for*
*Appellant Talentscale, Inc.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the Motion entitled Appellent's Memorandum in Response to the Jurisdictional Question is in compliance with the type-volume limitation specified in the Federal Rules of Appellate Procedure. According to the word-processing system used to prepare both documents, Appellant's Memorandum in Response to the Jurisdictional Question contains a total of 1636 words, excluding those portions identified in Rule 32(f).

**CERTIFICATE OF SERVICE**

I, Eric J. Pons, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on September 18, 2025.

By: *<u>/s/ Eric J. Pons</u>*
Eric J. Pons